The Honorable Jim Milum State Representative 607 Skyline Drive Harrison, AR 72601-2309
Dear Representative Milum:
I am writing in response to your request for my opinion on the following two questions, which you have submitted on behalf of the Boone County Tax Collector:
 1. Can a county tax collector accept real estate taxes from a taxpayer, or someone acting on behalf of the taxpayer, without also collecting personal property taxes that are due?
 2. Does A.C.A. § 26-35-601 address whether a taxpayer must pay personal taxes due when paying pro-rata real estate taxes at the time of transferring ownership in the real estate, and does it make any difference if the taxpayer has additional parcels of real estate remaining in his ownership after he has transferred the parcel of real estate?
RESPONSE
In my opinion, the answer to your first question is "no" unless the payment of real estate taxes occurs in conjunction with a sale of the property or the party paying the real estate taxes is either a mortgagee or a purchaser at a foreclosure sale. If the payment of real estate taxes occurs upon sale of the property at issue, the collector must simultaneously collect any delinquent personal property taxes owed by the seller. With respect to your second question, if a property owner is simultaneously conveying and paying real estate taxes on property, A.C.A. § 26-35-601(c)(3) prohibits the collector from conditioning acceptance of the real estate taxes upon the seller's payment of property taxes due, as opposed to delinquent. By contrast, A.C.A. § 26-35-601(a) requires the collector to collect personal property taxes due at the same time as he collects real estate taxes on retained property.
Question 1: Can a county tax collector accept real estate taxes from a taxpayer, or someone acting on behalf of the taxpayer, without also collecting personal property taxes that are due?
Section 26-35-601 of the Arkansas Code (Supp. 2001) provides:
 (a) All collectors in this state shall be charged with the responsibility of collecting personal property taxes shown to be due by the taxpayer as reflected by the records in the collector's office at the time the taxpayer pays the general taxes due on real estate.
 (b) Any collector willfully accepting payment of general real estate taxes without requiring the payment of personal property taxes due as reflected by the records in the collector's office shall be deemed guilty of a misdemeanor and upon conviction shall be fined in a sum not less than twenty-five dollars ($25.00) nor more than one hundred dollars ($100).
 (c)(1) Except as provided in subdivisions (c)(2)-(4) of this section, it is the intention of this section to require the collection of personal property taxes as reflected by the records in the office of the collector and to prevent a taxpayer from paying and the collector from receiving payment of general real estate taxes without payment of personal property taxes if any personal property taxes are shown to be due.
 (2) The provisions of this section shall not prevent any person, firm, partnership, or corporation from paying general real estate taxes on property securing the payment of indebtedness due the person, firm, partnership, or corporation seeking to pay the taxes.
 (3) Notwithstanding the other provisions of this section, a collector shall accept payment of general real estate taxes on a parcel of property at the time the ownership of the property is being transferred if the taxpayer transferring title to the property has paid all delinquent personal property taxes.
 (4) Furthermore, a purchaser in a foreclosure sale shall not be responsible for the payment of the personal property taxes required to be paid by this section.
Subsections (a) and (b) of this statute impose upon the collector, upon pain of criminal prosecution, a duty to collect all personal property taxes due by a property owner when the property owner pays real estate taxes. Subsection (c) carves out certain limited exceptions to this rule. Pursuant to subsection (c)(2), if real property has been pledged to secure a debt, the secured party may pay the real estate taxes on the property regardless of whether the owner owes personal property taxes.See attached Ark. Ops. Att'y Gen. Nos. 2000-092 and 99-304. Pursuant to subsection (c)(3), upon the conveyance of ownership of real property, even if the conveyor owes personal property taxes, the collector must accept payment of general real estate taxes unless the conveyor isdelinquent in his personal property taxes. As I noted in the attached Ark. Op. Att'y Gen. No. 2000-118:" Nothing in the statute authorizes the collector to further demand payment of personal property [taxes] due but not delinquent." Finally, subsection (c)(4) provides that a purchaser at a foreclosure sale may pay real estate taxes on the property without paying the former owner's personal property taxes.
Question 2: Does A.C.A. § 26-35-601 address whether a taxpayer must paypersonal taxes due when paying pro-rata real estate taxes at the time oftransferring ownership in the real estate, and does it make anydifference if the taxpayer has additional parcels of real estateremaining in his ownership after he has transferred the parcel of realestate?
Subsection 26-3-5-601(c)(3) of the Code is unequivocal in declaring that the collector can accept payment of taxes on any amount of real property at the time of conveyance only if someone at the same time fully satisfies any delinquency in the seller's personal property taxes. As noted in my response to your previous question, when the seller is conveying real property simultaneously with the payment of real estate taxes, the collector may not condition the payment of real estate taxes upon payment of personal property taxes due but not delinquent. In response to the first part of your question, then, A.C.A. §26-35-601(c)(3) establishes that a taxpayer cannot be compelled to pay personal property taxes due, as opposed to delinquent, as a condition of paying pro-rata real estate taxes on the property being conveyed. In my opinion, this conclusion applies regardless of whether the seller retains ownership of additional parcels of real estate. Pursuant to A.C.A. §26-35-601(a), the taxpayer will be obliged to pay personal property taxes due at the same time as he pays real estate taxes on any of these retained parcels.
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh